**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SOHAIL KHAN, | DOCKET NUMBER |
| Appellant, | SF-0752-15-0830-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: November 21, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas E. Tierney</u>, Esquire, Norwalk, Connecticut, for the appellant.

<u>Meredith A. Johnson</u>, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency appointed the appellant to a Customs and Border Patrol Officer position in January 2005. Initial Appeal File (IAF), Tab 7 at 94. In April 2015, the agency proposed his removal based upon a single charge of falsification. *Id*. at 85-91. In short, the 15 specifications underlying the charge alleged that the appellant provided false information on a number of occasions concerning his background information and true identity. *Id*. at 85-89. After the appellant responded, *id*. at 71-84, the deciding official sustained the removal, *id*. at 54-59. The deciding official concluded that the evidence supported each specification, but also indicated any one of the specifications would have presented a sufficient basis for removal. *Id*. at 55-56.

¶3 The appellant appealed his removal to the Board. IAF, Tab 1. He stipulated to specifications 12‑14 of the falsification charge, each concerning representations made during his periodic background reinvestigation with the agency. IAF, Tab 7 at 88, Tab 18 at 1. Specification 12 alleged that the appellant falsely claimed that he rented a townhouse owned by another individual named Sohail Mohammad. IAF, Tab 7 at 88. Specification 13 alleged that the appellant falsely denied owning any real property. *Id*. Specification 14 alleged that the appellant provided a fabricated rental agreement and had a friend falsely pose as

his landlord, both with the intent to deceive the agency's background investigator into thinking that the listed owner of the property, Sohail Mohammad, was someone other than the appellant. *Id*.

¶4 Although the appellant conceded the aforementioned specifications as well as the nexus requirement, he presented arguments concerning an alleged due process violation and the reasonableness of the penalty. IAF, Tab 18 at 2. The administrative judge sustained the appellant's removal based upon the specifications he stipulated to, without substantively addressing the others. IAF, Tab 22, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response and the appellant has replied. PFR File, Tabs 3‑4.

## The administrative judge properly denied the appellant's due process claim.

¶5 In his petition for review, the appellant reasserts his due process claim. PFR File, Tab 1 at 4-10. According to the appellant, the agency charged him with using two identities, but the deciding official improperly treated the matter as if he were an imposter, for whom the agency could not confirm the true identity. *Id*. at 5‑10. We find no merit to the appellant's claim.

¶6 Fundamental due process requires that notice of the charges must be sufficiently detailed to provide a meaningful opportunity to be heard. *Mason v. Department of the Navy*, 70 M.S.P.R. 584, 586-87 (1996). In analyzing a claim of denial of due process, the Board will examine, among other things, whether lack of specificity in the notice affected the appellant detrimentally or caused him any surprise. *Id*. at 587. When an appellant comes forward and refutes a charge made against him, the Board cannot find that he was not given notice of the charge. *Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶ 15 (2005). Here, to the extent that the appellant argues that he did not receive proper notice of the charge, his argument is unpersuasive. The record shows that the appellant was

fully notified of the allegations regarding his conduct and that he was provided with a full and fair opportunity to defend himself against them.

¶7        Furthermore, pursuant to the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when she relies upon new and material ex parte information as a basis for her decisions on the merits of a proposed charge or the penalty to be imposed. *Ward*, *Stone*, and their progeny recognize, however, that not all ex parte communications rise to the level of due process violations; rather, only ex parte communications that introduce new and material information to the deciding official are constitutionally infirm. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012).

¶8        The following factors are used to determine if ex parte information is new and material:  (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner.  *Stone*, 179 F.3d at 1377.  Ultimately, we must determine "whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id*.

¶9        Although the proposal letter did not explicitly state that the agency cannot confirm the appellant's true identity, the decision letter did.  IAF, Tab 7 at 54. The deciding official, during her hearing testimony, similarly indicated that she could not confirm the appellant's identity with certainty.  IAF, Tab 21, Hearing Compact Disc (HCD) (testimony of A.M.).  Nevertheless, applying the aforementioned factors, the administrative judge found that doubt concerning the appellant's true identity was inherent in the charge and accompanying

specifications because they detailed his having at least two identities. ID at 17. She further found that the appellant was on notice of this because the proposal letter began with the phrase, "You claim you were born in Pakistan as a Pakistani citizen on July 3, 1969 with the name Sohail Sultan Muhammad Khan." *Id*. (referencing IAF, Tab 7 at 85). The administrative judge also found that the information was not of the type to result in undue pressure under the circumstances. *Id*. We agree.

¶10    The proposal letter described the circumstances underlying the falsification charge in detail. IAF, Tab 7 at 85-89. It described how the appellant used the altered passport of someone else to gain entry into the United States, then repeatedly continued to use both the name on that passport as well as the one he claimed as his own, over more than 20 years, with the help of others. *Id*. It detailed how the appellant used these differing identities or provided false information about his prior use of those identities for purposes such as obtaining a Social Security number, a driver's license, and employment with the agency. *Id*. Given the nature of the allegations, we are not persuaded that it was new and material for the deciding official to characterize the appellant's misconduct as calling into question his true identity. The facts of this case differ from those in which an employee is on notice of one charge, but a deciding official treats the charge as something altogether different in determining the appropriate penalty. *Cf. Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶¶ 9, 12 (2012) (finding a *Ward/Stone* violation when the deciding official relied on portions of a table of penalties concerning a charge other than the one brought against the employee and referenced in the notice of proposed removal); *Culley v. Defense Logistics Agency*, 60 M.S.P.R. 204, 214-15 (1993) (finding that the deciding official erred by treating an "unauthorized possession of government property" charge as theft in determining an appropriate penalty); *Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 431-32 (1992) (finding that the deciding official erred by treating a specific charge of improperly addressing a subordinate as if it

were a charge of sexual harassment while assessing the appropriate penalty). Accordingly, we find that the appellant's due process claim fails.

The administrative judge properly sustained the penalty of removal.

¶11    The appellant next alleges that the agency conducted an improper *Douglas* penalty analysis.  PFR File, Tab 1 at 10-12 (referencing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981)).  He asserts that the Board should conduct an independent penalty analysis, without deferring to the agency's chosen penalty.  *Id*.  We disagree and find that the administrative judge properly sustained the removal.

¶12    The Board has long held that, in a case like this, when all of the charges are sustained, even when some of the specifications are not, the agency's penalty determination is entitled to deference and should be reviewed only to determine if the agency considered all of the relevant factors and exercised its discretion within the tolerable limits of reasonableness.  *Brough v. Department of Commerce*, 119 M.S.P.R. 118, ¶ 9 (2013); *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶¶ 7, 12 (2010).  In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised.  *Penland*, 115 M.S.P.R. 474, ¶ 7.

¶13    The Board has articulated a number of factors to be considered in determining the propriety of a penalty.  *Douglas*, 5 M.S.P.R. at 305.  Among others, they include (1) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties, as well as (2) the notoriety of the offense or its impact upon the agency's reputation.  *Id*.  The appellant alleges that the deciding official's consideration of those two factors was improper.  PFR File, Tab 1 at 11.

¶14    Concerning the first of the aforementioned factors, the appellant alleges that the deciding official improperly assumed that his supervisors lost trust in him, without actually seeking their opinion on the matter. *Id.* However, the penalty judgment belongs to the agency, not to an appellant's supervisor. *See, e.g.*, *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶¶ 6-7 (2016) (finding that an agency's choice of removal was entitled to deference, even though the appellant's immediate chain of command urged that he be given a second chance). Under the circumstances presented by the appellant's misconduct, we find it inconsequential that the deciding official addressed the *Douglas* factor concerning confidence and trust without direct input from the appellant's immediate supervisors. IAF, Tab 7 at 55.

¶15    Concerning the second of the aforementioned factors, the appellant alleges that his misconduct did not garner any notoriety among members of the public or bad publicity.[2] PFR File, Tab 1 at 11; HCD (cross-examination of the A.M.). He argues that the deciding official improperly considered potential, rather than actual, notoriety. PFR File, Tab 1 at 11; HCD (cross-examination of the A.M.). We disagree.

¶16    It is apparent that the appellant's misconduct, falsifying information concerning his identity, had at least the potential to seriously harm the reputation of the agency, whose mission includes detecting unlawful activity and facilitating lawful border crossings. *See, e.g.*, IAF, Tab 7 at 112. Therefore, even if we were to accept the appellant's contention that the *Douglas* factor concerning notoriety

---

[2] Although the appellant's misconduct may not have garnered any publicity, knowledge of the underlying facts was not limited to the confines of the agency. The corresponding investigation began after a woman claiming to be the appellant's former sister-in-law provided a tip to the Canadian Border Services Agency. IAF, Tab 8 at 6, 30-32. In addition, the investigation ultimately involved a number of other individuals and entities, including additional Federal agencies, the Los Angeles County District Attorney, and the California Department of Motor Vehicles. *See, e.g.*, IAF, Tab 7 at 56, 85-88, Tab 8 at 5-26. Moreover, the appellant has admitted that his misconduct involved having a friend pose as his landlord to conceal his true background information. IAF, Tab 7 at 88, Tab 18 at 1.

implicates actual but not potential bad publicity, the potential notoriety and harm is still relevant under other factors, such as the nature and seriousness of the offense. *See, e.g.*, *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 18 (2014) (recognizing that the nature and seriousness of the offense is the most important *Douglas* factor); *Chandler v. Social Security Administration*, 80 M.S.P.R. 542, ¶ 12 (1999) (recognizing the "potential for harm to the agency's basic mission" as aggravating in a penalty analysis). Accordingly, we find that the deciding official did not err in considering the potential for notoriety as an aggravating factor, and the administrative judge properly deferred to the agency's chosen penalty of removal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States

Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.